IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REINARD SMITH,                          :
                                        :   CIVIL ACTION
          Plaintiff,                    :   NO. 19-4159
                                        :
     v.                                 :
                                        :
ALEX KERSHENTSEF, et al.                :
                                        :
          Defendants.                   :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          OCTOBER 19, 2022


     This action arises out of the sale and subsequent
repossession of a car. Pro se Plaintiff, Reinard Smith,
currently seeks summary judgment on two counts of the amended
complaint for (1) violations of the Pennsylvania Unfair Trade
Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-2
("UTPCPL"); and (2) unlawful repossession under 13 Pa. C.S.A. §
9609. Defendants have responded to the motion but have not
cross-moved for summary judgment. For the reasons that follow,
the Court will deny Plaintiff's motion as to the UTPCPL claim
and grant the motion as to the unlawful repossession claim.

I.   **BACKGROUND**

     On September 1, 2017, Plaintiff purchased a used vehicle
from Defendants Alex Kershentsef and Key & V Auto Sales
("Defendants"). On September 7, 2017, Plaintiff was involved in

an accident while driving the vehicle. Plaintiff claims that the steering column of the vehicle became stuck and caused an accident, and that the airbags failed to deploy.

Plaintiff purchased the vehicle as-is with no warranty and signed a non-warranty notice. However, Plaintiff alleges that Defendant Mike, a salesperson, told him prior to purchase that the vehicle was "safe and reliable." MSJ at 4, ECF No. 50; Am. Cmplt. ¶ 20, ECF No 21. Plaintiff also claims that prior to purchasing the vehicle (and signing the non-warranty notice), he "was not afforded a test drive but was told by Defendant Alex [Kershentsef] that, if, [he had] any problems with the car [he had] a 90-day warranty." Am. Cmplt. ¶ 23. Defendants deny that they made any oral warranty promise. As a disputed fact, the Court will view it in the light most favorable to Defendants (e.g. that Defendants did not make such a promise).[1]

Plaintiff further alleges that Defendants failed to provide him with the mandated FTC "Buyer's Guide" when purchasing the vehicle. See 16 C.F.R. § 455.2(a) ("Before you offer a used vehicle for sale to a consumer, you must prepare, fill in as applicable and display on that vehicle the applicable 'Buyers Guide.'"). Defendants also deny this assertion and contend that

---

[1]    As the non-moving parties, the facts are viewed in the light most favorable to Defendants. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009).

the Buyer's Guide was affixed to the vehicle. In that this fact
is also disputed, the Court views it in the light most favorable
to Defendants. It is upon these facts that Plaintiff bases his
UTPCPL claims.

On December 27, 2017, and after Plaintiff failed to
make his car payments, Defendants engaged Siani's Towing[2] to
repossess Plaintiff's vehicle. Plaintiff contends that during
the repossession, Plaintiff and the repossession agent had a
physical altercation. Plaintiff's wife provided an affidavit
asserting that she "did not see what started the fight but when
[she] came outside of the house [her] husband and the repo agent
were engaged in a physical alteration." Am. Cmplt., Ex F, ECF
No. 21-1. There is no evidence to dispute this account.

Plaintiff remitted the outstanding payments to Defendants
on December 29, 2017, and reclaimed the vehicle. However, after
further failures to submit payments, Defendants again engaged
Siani's Towing to repossess the vehicle on August 16, 2018.
Plaintiff does not contend that a physical altercation occurred
during the second repossession and only alleges that the
repossession agent arrived with another individual and that he
felt threatened because of the second individual's presence.
Plaintiff stayed inside of his house while the vehicle was

---

[2]    Plaintiff has been unable to properly serve Siani's Towing
as a defendant.

repossessed. It is upon these facts that Plaintiff bases his unlawful repossession claim.

## II.  LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters, 584 F.3d at 581 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is material if proof of its existence "might affect the outcome of the suit," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court views the facts "in the light most favorable to the nonmoving party." Am. Eagle Outfitters, 584 F.3d at 581. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010).

While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who "must

set forth specific facts showing that there is a genuine issue
for trial." Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P.
56(e) (1963)).

III. DISCUSSION

   A.   Unfair Trade Practices and Consumer Protection Law

Plaintiff claims that Defendants breached the UTPCPL by
engaging in two types of "deceptive acts or practices." 73 Pa.
Stat. Ann. § 201-2(4). Specifically, Plaintiff first claims that
Defendants violated the UTPCPL by representing that the vehicle
was "of a particular standard, quality or grade" when in fact it
was not, Id. § 201-2(4)(vii), because Defendants stated that the
vehicle was safe and reliable but did not warn him that the
steering components and airbags were defective.

Second, Plaintiff contends that Defendants violated the
UTPCPL by "[e]ngaging in . . . fraudulent or deceptive conduct
which creates a likelihood of confusion or of misunderstanding,"
Id. § 201-2(4)(xxi), by failing to affix the FTC "Buyer's Guide"
to the vehicle prior to purchase and by orally promising him a
90-day warranty before having him agree in writing that the
vehicle was sold as-is and without a warranty.

73 Pa. Stat. Ann. § 201-9.2(a) provides for a private right
of action when a purchaser suffers loss due to unfair or
deceptive acts, including the two described above. In order to
maintain a private cause of action under the UTPCPL, a plaintiff

5

must establish, inter alia, justifiable reliance on the
allegedly deceptive actions. <u>Kirwin v. Sussman Auto.</u>, 149 A.3d
333, 336-37 (Pa. Super. 2016).

Viewing the facts in the light most favorable to
Defendants, as the Court must when construing Plaintiff's
motion, the Court concludes that there are genuine disputes over
material facts that prevent summary judgment.

For example, Plaintiff has presented no evidence that
Defendants knew or should have known about the alleged steering
and airbag defects. <u>See</u> <u>Id.</u> at 336 (providing that deceptive
conduct under the UTPCPL can be fraudulent or negligent).
Indeed, beyond his own unsworn statements, Plaintiff has not
provided any evidence that the steering column malfunctioned
before the accident or that the airbags should have deployed in
that particular instance.

Likewise, Defendants dispute that they offered Plaintiff an
oral 90-day warranty or that the vehicle lacked the FTC Buyer's
Guide. Even if Defendants admitted to an oral promise, there
would still be a genuine dispute regarding whether Plaintiff
could have <u>justifiably</u> relied on the promise after agreeing in
writing that the vehicle was being sold as-is and without a
warranty. <u>Baumbach v. Lafayette Coll.</u>, 272 A.3d 83, 90 (Pa.
Super. 2022) ("Whether a party justifiably relied on the
representations of another is a question of fact.").

6

Given the lack of necessary evidence and the disputed nature of these facts, Plaintiff cannot meet his summary judgment burden for his UTPCPL claims.

**B.   Unlawful Repossession**

Under the Pennsylvania Uniform Commercial Code, a secured party may repossess collateral without judicial process if repossession can be accomplished without a "breach of the peace." 13 Pa. C.S.A. § 9609(b)(2). There is little pertinent law on what constitutes a breach of the peace, but "courts consistently look to the following factors to determine if there was a breach of the peace: the use of law enforcement; violence or threats of violence; trespass; verbal confrontation; and disturbance to third parties." Rivera v. Dealer Funding, LLC, 178 F. Supp. 3d 272, 279 (E.D. Pa. 2016) (citing cases). Plaintiff argues that Defendants, through Siani's Towing, breached the peace during both repossessions on December 27, 2017 and August 16, 2018, subjecting Defendants to liability under Section 9609.

The only evidence in the record indicates that on December 27, 2017, Plaintiff and the repossession agent engaged in a physical altercation. Defendants have not disputed this allegation. The Court concludes that a physical altercation in the process of repossessing a vehicle is a breach of the peace. Defendants have not asserted otherwise.

However, as to the August 16, 2018 repossession, Plaintiff contends only that he felt threatened because there were two repossession agents present. He does not allege that they actually threatened him. Plaintiff has not provided, and the Court has not found, any case law establishing that the presence of second repossession agent is a breach of the peace. Thus, the Court concludes that there was no actionable breach of the peace on August 16, 2018.

In response to Plaintiff's arguments, Defendants argue only that they had a right to repossess the vehicle due to Plaintiff's non-payment and that, because Siani's Towing is an independent contractor, Defendants have no liability for their actions. While the first statement may be accurate, especially when viewing the facts in the light most favorable to Defendants, Defendants are incorrect regarding their liability.

Comment three to Section 9609 addresses this situation exactly and provides that "[i]n considering whether a secured party has engaged in a breach of the peace . . . courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." 13 Pa. C.S.A. § 9609, cmt 3; see Gen. Motors Acceptance Corp. v. Vucich, 787 N.Y.S.2d 745, 747 (N.Y. App. Div. 2005) (finding under New York's analogous provision that

this section "impose[s] a nondelegable duty on . . . a secured creditor to keep the peace in the course of a repossession"). Therefore, Defendants are liable for the undisputed breach of the peace that occurred on December 27, 2017.

If a secured party fails to comply with Section 9609 by, inter alia, breaching the peace, Section 9625 provides that the secured party is liable for the amount of any loss caused by the breach of peace. 13 Pa.C.S.A. § 9609, cmt. 4, § 9625(b). Plaintiff, however, has not alleged any damages arising from the altercation on December 27, 2017, which was the breach of the peace, such as physical injury or property damage resulting therefrom. Indeed, Plaintiff redeemed the vehicle two days after it was repossessed and has not alleged any specific damages that occurred during that time. Thus, a jury must determine the amount to which, if anything, Plaintiff is entitled for the breach. See Scott v. Fred Beans Chevrolet of Limerick, Inc., 183 F. Supp. 3d 691, 697–98 (E.D. Pa. 2016) (providing that "the question of whether [plaintiff] suffered a compensable injury and, if so, the extent of that injury, is for a jury to decide") (citing Davis v. Mullen, A.2d 764, 768 (Pa. 2001)).

## IV.   CONCLUSION

Plaintiff's motion for summary judgment is granted in part and denied in part. Plaintiff's motion as to his UTPCPL claim is denied while Plaintiff's motion as to his unlawful repossession

9

claim is granted. However, a jury will determine the amount of damages, if any, to which Plaintiff is entitled for this claim.

An appropriate order follows.